UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.:   5:26-cv-02499-AB-PVC | Date:   May 12, 2026 |
|---|---|

| Title:   *Angel Alfredo Sacristan Tovar v. Warden et al.* |
|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     **[In Chambers] ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [Dkt. No. 2]**

On May 11, 2026 *pro se* Petitioner Angel Alfredo Sacristan Tovar ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition," Dkt. No. 1) and an *ex parte* Application for Temporary Restraining Order ("TRO Appl.," Dkt. No. 2). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") and seeks a TRO ordering his immediate release, among other relief. *See* TRO App.

This case is governed by Central District of California General Order 26-05, which was adopted in response to the substantial and increasing volume of § 2241 immigration habeas petitions filed in this District and to ensure their uniform, expedited, and orderly resolution on the merits. *See* Dkt. No. 4. The General Order establishes an accelerated briefing schedule—requiring a government answer within seven days of service and a prompt reply thereafter—along with procedures for immediate service and prompt adjudication of the petition in its entirety.

In light of this governing structure, Petitioner cannot demonstrate the

| CV-90 (12/02) | **CIVIL MINUTES – GENERAL** | Initials of Deputy Clerk <u>EVC</u> |
|---|---|---|

requisite basis for emergency relief under *Winter v. Natural Resources Defense Council*, because the alleged harm is already addressed through the expedited adjudication of the underlying habeas petition. *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008) (Petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief"). Thus, the Court concludes that Petitioner is not entitled to *ex parte* relief.

Accordingly, and because the expedited procedures established by General Order 26-05 provide for prompt resolution of the Petition itself, the *ex parte* Application for Temporary Restraining Order is **DENIED**.

**IT IS SO ORDERED**.